NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1566

KAREN HOLMES

VERSUS

JAMES BIAGAS, SR.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 223,439,
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, and Michael G. Sullivan, Judges.

AFFIRMED.

Henry H. Lemoine, Jr.
Attorney at Law
607 Main Street
Pineville, Louisiana  71360
(318) 473-4220
Counsel for Plaintiff/Appellant:
        Karen Holmes

Thomas J. DeJean
DeJean & Leger
806 South Main Street
Opelousas, Louisiana  70570
(337) 948-9066
Counsel for Defendant/Appellee:
        James Biagas, Sr.

SULLIVAN, Judge.

The mother in this child custody case appeals the trial court's award of domiciliary custody to the father. We affirm.

### Facts

The trial court succinctly stated the basic facts:

> James Biagas, Sr. is a married man who met Karen Holmes, a young mother of two. As a result of their relationship, a child was born, James Biagas, Jr., born 19 March 2003. The parties refer to the minor child as "Junior." Mr. Biagas lives in Opelousas, in St. Landry Parish, and Ms. Holmes lives in Ball, in Rapides Parish. Mr. Biagas is disabled and does not work. Ms. Holmes works for the Rapides Parish school system. The parties appeared to work well together with the child for a significant period of time. During this period, Mr. Biagas took care of Junior since he was not working. Ms. Holmes visited frequently. It is clear to the Court that both parents love their child deeply.

The parties worked well together for almost three years, but problems apparently began developing when Junior was about two and one-half year's old. Ms. Homes testified that she was concerned about Junior's speech development and discussed it with Mr. Biagas, but he did not want to acknowledge there was a problem.

A short time later, Ms. Holmes did not return Junior to Mr. Biagas after a weekend visitation. She called Mr. Biagas a few days later and informed him that she had enrolled Junior in daycare and was taking him for a speech evaluation. She then filed a Petition for Child Custody and Support.

A hearing was held on March 27, 2006. At the conclusion of the hearing, the trial court told the parties his decision was going to "boil down to credibility." The trial court issued written reasons in which it discussed each factor set forth in La.Civ.Code art. 134 and ultimately concluded that it was in Junior's best interest for Mr. Biagas to be the domiciliary parent. Judgment was rendered naming Mr. Biagas as domiciliary parent and establishing a visitation schedule for Ms. Holmes. The trial

court later issued Supplemental Written Reasons, which awarded Mr. Biagas child support, and a Judgment was rendered in accordance therewith.

Ms. Holmes appeals. Her only assignment of error is Mr. Biagas' designation as domiciliary parent.

### *Standard of Review*

> The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion.

*Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied,* 96-1650 (La. 10/25/96), 681 So.2d 365.

### *Discussion*

The major concern in this case is Junior's delayed speech and language skills. Brian Warner, an expert in speech pathology, examined Junior shortly before his third birthday. He testified that Junior's vocabulary consisted of ten to twenty words when it should have been approximately 1,000 words and that Junior was very hard to understand. Mr. Warner explained that Junior's clarity was 20% when it should have been 75%.

As previously noted, Ms. Holmes testified that Mr. Biagas resisted acknowledging Junior had a speech problem and seeking treatment for it. Mr. Biagas testified that he scheduled an appointment with Junior's pediatrician for January 10, 2006, for this purpose; however, Junior was not brought in for the appointment. Ms. Holmes and Mr. Biagas dispute why Junior was not brought to the appointment. Mr. Biagas testified that he would obtain any treatment recommended by the pediatrician.

2

During the trial, Ms. Holmes testified regarding her attendance at Junior's visits with his pediatrician. Mr. Biagas disputed that Ms. Holmes had accompanied Junior on as many visits as she testified she did. The trial court evidently saw the pediatrician's records as an unbiased source of information which could assist it in determining the credibility of the parties and ordered the pediatrician's records be produced.

Junior's pediatrician produced his records to the trial court and included a letter in which she identified the dates of Junior's visits and who accompanied him on his visits. According to the pediatrician, Mr. Biagas and Ms. Holmes appeared together for one visit, Ms. Holmes appeared alone for one visit, and Mr. Biagas appeared alone for all other visits, approximately sixteen. Based on these records, the trial court concluded that Mr. Biagas was more credible than Ms. Holmes.

The trial court explained in his Written Reasons:

> Mr. Biagas exercised most of the responsibility for the care and rearing of the child previously. Despite Ms. Holmes's testimony to the contrary, the evidence submitted to the Court and testimony at trial convinces this Judge that Mr. Biagas was the parent who took Junior to the doctor most of the time. In addition, despite Ms. Holmes's concern over Junior's speech problem, Mr. Biagas was taking steps to address the problem before Ms. Holmes removed Junior from Mr. Biagas' residence. . . .
>
> Considering all the factors and the tone and demeanor of the parties at trial, the Court finds that it is in the best interest of the minor child that there be joint custody with Mr. Biagas as the principle [sic] domiciliary parent.

The trial court believed Mr. Biagas and was satisfied that he would follow his order to obtain treatment for Junior's delayed speech development as recommended. The trial court's credibility determinations are reasonable, and the record does not

3

demonstrate that the designation of Mr. Biagas as domiciliary parent is an abuse of discretion. We find no merit in Ms. Holmes's assignment of error.

### *Disposition*

The judgment of the trial court is affirmed. All costs are assessed to Ms. Holmes.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.

4